IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

LISA ROBINSON,

        Plaintiff,

  v.

VETERANS OF FOREIGN WARS,
DEPARTMENT OF ALASKA,

        Defendant.

Case No. 3:24-cv-00280-SLG

## ORDER ON VFW'S MOTION FOR ATTORNEY'S FEES

Before the Court at Docket 16 is the Veterans of Foreign Wars' ("VFW") Motion for Attorney's Fees. Plaintiff Lisa Robinson responded with opposition to the motion at Docket 18 to which VFW replied at Docket 19.

VFW seeks attorney's fees totaling $10,771.00, which it indicates it expended in this litigation both when the case was pending before the Alaska Superior Court through its removal and entry of judgment by this Court. VFW asserts the fee award is warranted as it maintains Plaintiff's federal law claim was "without foundation because it was plainly foreclosed by the statute of limitations."[1]

The Court agrees with VFW that it is the prevailing party on the Title VII claim, even though the state tort claim has been remanded back to the state court. But the Court does not find that the inclusion of the Title VII claim was "frivolous,

---

[1] Docket 16 at 4.

unreasonable, or groundless."[2]  Although the Court determined that the Alaska savings statute did not extend the 90-day federal statute of limitations for the Title VII claim, there is no Ninth Circuit precedent on that precise point.[3] "[I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation."[4]

For the foregoing reasons, VFW's Motion for Attorney's Fees at Docket 16 is DENIED.

DATED this 15th day of July, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[2] *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978).

[3] *See* Docket 14 at 5 n. 22 and cases cited therein.  Although *Scholar v. Pacific Bell,* 963 F.2d 264 (9th Cir. 1992), held that the 90-day period for filing a Title VII action ran from the date of a right-to-sue letter, it did not address whether state tolling provisions could apply. 963 F.2d 264 (9th Cir. 1992).

[4] *Christiansburg,* 434 U.S. at 421-22.

Case No. 3:24-cv-00280-SLG, *Robinson v. Veterans of Foreign Wars, Department of Alaska*
Order on VFW's Motion for Attorney's Fees
Page 2 of 2
Case 3:24-cv-00280-SLG   Document 21   Filed 07/15/25   Page 2 of 2